IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEROME COAST, JR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-429 (MTT) |
| | ) |
| STATE OF GEORGIA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## ORDER

On October 26, 2024, Jerome Coast, Jr. filed a document construed as a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 1. On November 20, 2023, the Court ordered Coast to recast his petition on the Court's standard habeas corpus form and to either pay the $5.00 filing fee or submit a complete and proper motion for leave to proceed *in forma pauperis*. Doc. 4. After the deadline for compliance passed, the Court ordered Coast to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Doc. 5. The time for compliance again passed, and on February 8, 2024, the Court dismissed Coast's petition without prejudice. Doc. 6. On March 13, 2024[1]—

---

[1] Under the "mailbox rule" the Court generally deems a prisoner document filed on the date the prisoner delivers it to prison officials for mailing. *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, it is assumed that a document is delivered to prison authorities on the date the prisoner signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Although the envelope is postmarked April 4, 2024, Coast dates his response on March 13, 2024. Docs. 8 at 1; 8-1. Thus, the Court assumes for the purpose of this Order that Coast filed his response on March 13, 2024.

more than two months after the deadline—Coast filed a response to the Court's order. Doc. 8.

Because judgment was entered in this case more than 28 days from the date Coast's response was filed, the Court liberally construes his response as a motion filed pursuant to Federal Rule of Civil Procedure 60, which permits a party to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b); *cf.* Fed. R. Civ. P 59(e) ("A motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment."). Under Rule 60(b), a court can provide relief from a judgment or order in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it has been based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In this case, Coast states that he sent the *in forma pauperis* "papers and the recast petition as ordered by the court" but does not "know why [the Court] didn't receive it." Doc. 8 at 1. He alleges that his mail is "being tampered with and given to other inmates or not being sent out." *Id*. He also states he has had this problem in other courts and that he has complained to prison officials about these delays. *Id.*

The Court finds that Coast's allegations, coupled with the relevant limitations period, constitute reasons that justify relief in this case. *See* Fed. R. Civ. P. 60(b)(6). Accordingly, Coast's motion for reconsideration (Doc. 8) is **GRANTED**. The Clerk is **DIRECTED** to **VACATE** the February 8, 2024 Order and Judgment (Docs. 6; 7), re-

open this case, and remand it to the United States Magistrate Judge for further proceedings consistent with the Court's Order of Referral (Doc. 3).

The Court also notes that Coast must still (1) recast his Petition on the Court's standard form and (2) either pay the $5.00 filing fee in full or submit a motion for leave to proceed *in forma pauperis* in this action.  Coast shall therefore have **FOURTEEN (14) DAYS** from the date of this Order to do so.  The Clerk is **DIRECTED** to mail Coast a copy of the necessary forms, marked with the case number of the above-captioned action.  **Coast is reminded that the failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this action**.  There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 12th day of June, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT